IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Scottie Robinson, #243206, | ) | C/A No.: 1:11-1804-RMG-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden, Lieber Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Scottie Robinson is an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Respondent's return and motion for summary judgment. [Entry #20, #21]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by December 19, 2011. [Entry #22]. Petitioner requested, and the court granted, an extension until January 3, 2012 to file a response to the motion for summary judgment. [Entry #26 and #28]. Petitioner timely filed his response on December 22, 2011. [Entry #27].

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

I.      Procedural Background

Petitioner was indicted by the Horry County grand jury in May 2002 for murder.

[Entry #20-22 at 9]. He was represented by Ed Chrisco, Esq. at a jury trial on September

7-9, 2004 before the Honorable Paula H. Thomas.   Judge Thomas instructed the jury on

both voluntary and involuntary manslaughter, but she refused to charge self-defense. The

jury found Petitioner guilty of murder and Judge Thomas sentenced Petitioner to 30 years.

[Entry #20-4 at 36, 39].

The facts giving rise to the murder charge were summarized by the South Carolina

Court of Appeals ("Court of Appeals") as follows:

> On September 30, 2001, Aaron Robinson was playing basketball with
> several other men, including Anthony Bradley, at the Smith Jones Recreation
> Center (the Center) in Conway, South Carolina. During the basketball game,
> Robinson and Bradley argued and engaged in a scuffle wherein Bradley
> grabbed Robinson by the throat and shoved him. After the two men were
> separated, Robinson went to his car and drove home.
>
> At some point after the incident, Scottie Robinson (Appellant), Aaron
> Robinson's older brother, became aware that an incident had occurred
> between his brother and another man at the Center.[2] Appellant picked up
> his cousin Theartis Robinson and drove to the Center. Upon arriving at the
> Center, Appellant retrieved a handgun from the glove compartment of his
> vehicle, and he and his cousin approached the men on the basketball court.[3]
> Bradley attempted to grab the gun from Appellant, and during the struggle,
> Appellant fatally shot Bradley in the chest. Immediately following the
> shooting, Appellant walked back to his car and drove home.
>
> > /FN2 Both Appellant and Aaron Robinson testified that they did
> > not speak with each other following the incident at the recreation
> > center. Therefore, neither the manner in which Appellant came to
> > learn of the events, nor the exact details of which he was made aware
> > are entirely clear. It appears Appellant overheard some neighbors
> > discussing the incident.

/FN3 Although through conflicting accounts, all parties agree that through a verbal exchange, Appellant became aware that Bradley was the individual who had tussled with his brother. Appellant testified that Bradley immediately began screaming at him, and other witnesses testified that Appellant asked who "was messing with his brother," and Bradley responded "it was me."

[Entry #20-8 at 2].

Petitioner appealed his convictions and sentences to the Court of Appeals. [Entry #20-5]. On appeal, Petitioner was represented by Joseph L. Savitz III of the South Carolina Commission on Appellate Defense who filed a brief raising the following issue: "The judge erred by refusing to instruct the jury on the law of self defense." [Entry #20-6 at 4].

On December 5, 2006, the Court of Appeals filed an unpublished decision affirming the conviction and sentence. [Entry #20-8]. The Court of Appeals denied Petitioner's *pro se* Petition for Rehearing on January 19, 2007. [Entry #20-9, #20-10]. Petitioner filed a *pro se* Petition for Writ of Certiorari on March 12, 2007 complaining of the trial judge's failure to charge self-defense. [Entry #20-13]. The South Carolina Supreme Court denied certiorari in an order filed November 15, 2007. [Entry #20-15]. The remittitur was issued on November 20, 2007. [Entry #20-16].

Petitioner filed an application for post-conviction relief ("PCR") on March 14, 2008, in which he alleged ineffective assistance of counsel for failing to have the trial court correctly charge the jury on the state's burden of proof for murder and voluntary manslaughter. [Entry #20-4 at 40-47]. A PCR evidentiary hearing was held before the

3

Honorable Michael G. Nettles on November 19, 2008, at which Petitioner and his counsel,

Paul Archer, Esq. appeared. [Entry #20-4 at 52-73]. On December 12, 2008, Judge Nettles

entered an order of dismissal. [Entry #20-4 at 74-78].

Petitioner appealed from the denial of PCR and was represented by Appellate

Defender Kathrine H. Hudgins of the South Carolina Commission on Indigent Defense,

Division of Appellate Defense. Attorney Hudgins filed a *Johnson*[1] petition for writ of

certiorari in the South Carolina Supreme Court on December 11, 2009 and petitioned to be

relieved as counsel. [Entry #20-18]. The petition raised the following issues: (1) "Did the

PCR judge err in refusing to find counsel ineffective for failing to request that the judge

charge the jury that in order to find the defendant guilty of murder the State must disprove

sudden heat of passion, an element of the lesser included charge of voluntary

manslaughter?" and (2) "As this case is not yet final, should the trial judge's instruction on

the inference of malice from the use of deadly weapon require a new trial?" [Entry #20-18

at 3]. In his pro se brief, Petitioner raised the following issue: "Did the PCR judge err in

refusing to find trial counsel ineffective for failing to request that the trial judge charge the

---

1 *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) (applying the factors of *Anders v. California*, 386 U.S. 738 (1967), to post-conviction appeals). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal, furnish a copy of that brief to the defendant, and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

jury that in order to find the defendant guilty of murder the State must disprove sudden heat of passion beyond a reasonable doubt?" [Entry #20-19 at 3].

The Supreme Court of South Carolina denied the petition on December 2, 2010 and granted counsel's request to withdraw. [Entry #20-20]. The remittitur was issued on December 21, 2010. [Entry #20-21].

Petitioner filed this federal petition for a writ of habeas corpus on July 20, 2011. [Entry #1].[2]

II.     Discussion

A.     Federal Habeas Issues

Petitioner now asserts he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:**     The trial court erred in failing to charge the jury on the law of self-defense denying petitioner his right to a fair trial.

Supporting Facts: At trial petitioner presented evidence of self-defense. Petitioner requested the trial court to charge the jury on the law of self-defense. The trial court refused to give the charge thereby denying petitioner his right to a fair trial as guaranteed by the Constitution of the United States and Amendments thereto.

---

[2] The petition was received on July 25, 2011 and docketed by the court on July 27, 2011. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack,* 487 U.S. 266 (1988). The petition is dated July 20, 2011, which is the date reflected on the envelope as having been deposited in the prison mailing system. [Entry #1-1].

**Ground Two:**     Ineffective Assistance of Counsel.

> Supporting Facts: Trial counsel was ineffective and Petitioner was prejudiced through counsel's failure to have the trial court correctly charge the jury on the State's burden of proving the absence of sudden heat and passion upon sufficient legal provocation in order to convict petitioner of murder after petitioner presented evidence of sudden heat and passion upon sufficient legal provocation at trial.

[Entry #1 at 5-7].

### B.     Standard for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

     C.     Habeas Corpus Standard of Review

     1.     Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362,

398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### 2. Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### a. Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

        (A) the applicant has exhausted the remedies available in the courts of the State; or

        (B) (i) there is an absence of available State corrective process; or

                (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[3] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, regardless of whether the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts

___

[3]In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983)*; Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).

        2.      Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1985). Petitioner bears the burden of proving an error and prejudice in his ineffective assistance of counsel claim. *Id.*

        D.      Analysis

        1.      Merits Review of Ground One

In Ground One, Petitioner argues that the trial court erred in failing to charge the jury on the law of self-defense, thereby denying him a right to a fair trial. Specifically, Petitioner argues that he had presented evidence of self-defense and the trial court's refusal to give a self-defense charge denied him a right to a fair trial as guaranteed by the Constitution of the United States and Amendments thereto.

Respondents submit that this allegation fails to state a claim upon which federal habeas corpus relief may be granted because Petitioner is merely complaining about a violation of state law and federal habeas corpus relief is not available to correct errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Addressing Petitioner's allegations as to this claim, the state court found as follows:

Appellant contends the trial court erred in denying his request to charge the jury on self-defense. We disagree.

A defendant is entitled to a self-defense charge only when the following four elements can be established: (1) the defendant was without fault in bringing on the difficulty; (2) the defendant believed he was in imminent danger of losing his life or sustaining serious bodily injury; (3) the defendant had no means of avoiding the danger and was thereby forced to act as he did; and (4) that a reasonably prudent person of ordinary firmness and courage in a similar situation would have entertained the same belief about the danger. Jackson v. State, 355 S.C. 568, 570-71,586 S.E.2d 562, 563 (2003).

In this matter, the record fails to establish the necessary elements for a charge of self defense.

There is no evidence in the record to support the notion that Appellant was without fault in bringing about the difficulty. Appellant testified that his intentions in driving to the Center were to confront Bradley and tell him to leave his brother alone. It is undisputed that Appellant, while holding a gun, approached Bradley on the basketball court. In fact, Appellant testified that Bradley specifically instructed him not to come onto the court with the gun. The fact that a struggle over the gun ensued does not allow Appellant to claim self-defense. "[O]ne who provokes or initiates an assault cannot escape criminal liability by invoking self-defense." State v. Slater, 360 S.C. 487, 491, 602 S.E.2d 90, 92-93 (Ct. App. 2004).

Further, even if appellant reasonably believed he was in imminent danger of losing his life or sustaining serious bodily injury,[4] he certainly had means to avoid the danger. Appellant testified that upon his arriving at the Center, Bradley immediately began yelling "violent words" at him. Yet, despite his ability to simply return to his vehicle and leave, Appellant retrieved his gun and approached Bradley on the basketball court. When asked why he did not simply leave the Center, Appellant testified "I don't know how to answer that."

Neither the first nor the third prongs of self-defense have raised questions of fact for the jury. As a matter of law, these required elements have not been established. "Because the record demonstrates as a matter of law the absence of at least one element of self-defense, the trial judge did not err in refusing to charge self-defense." State v. Santiago, 370 S.C. 153, ___, 634 S.E.2d 23, 28 (Ct. App. 2006).

FN4/ Bradley had a reputation in the community for being a "tough guy" and had participated in several professional boxing matches.

*Robinson*, pp. 2-3.

"A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). In light of *McGuire*, federal habeas courts have consistently held that errors of state law cannot be repackaged as federal errors simply by citing the due process clause. *E.g., Carson v. Director, Iowa Department of Correctional Services*, 150 F.3d 973, 975 (8th Cir. 1998). Petitioner cannot show how the failure to charge self defense was anything other than a state court error. *See also Wilson v. Corcoran*, 131 S.Ct. 13, 16 (2010) ("it is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in federal courts").

In light of *Estelle* and *Wilson*, *supra*, this court is bound by the state court of appeals' construction of South Carolina law. Even if this court disagreed with the state court's factual findings, it may not grant relief based upon those factual findings unless they are objectively unreasonable. § 2254(d)(2). Further, those findings are entitled to a presumption of correctness that Petitioner must rebut by clear and convincing evidence. § 2254(e)(1). Petitioner has failed to meet this standard.

2. Merits Review of Ground Two

In Ground Two, Petitioner argues that trial counsel was ineffective for failing to have the trial court correctly charge the jury on the state's burden of proving the absence of sudden heat and passion upon sufficient legal provocation in order to convict him of

13

murder after Petitioner had presented evidence of the same.

Addressing Petitioner's allegations as to this claim, the PCR court found as follows:

Based upon the testimony at the PCR hearing and the entire record, this Court finds that the Applicant failed to prove that his attorney was ineffective. This Court finds that, considering the charge as a whole, the jury was properly instructed on the State's burden of proof with respect to murder and with respect to voluntary manslaughter. See State v. Hicks, 305 S.C. 277, 280,407 S.E.2d 907, 909 (Ct. App. 1991) (citation omitted) ("The judge properly instructs the jury if he adequately states the applicable law."); State v. Ward, 374 S.C. 606, 649 S.E.2d 145 (Ct. App. 2007) (trial court required only to charge the current and correct law of South Carolina); see also Trial Transcript, pages 334-343. There is no authority in South Carolina for the proposition that a jury must be charged that the State has to disprove an element of voluntary manslaughter - that is, "sudden heat of passion" - in order to convict of murder, where the jury is properly charged that the State must prove all of the elements of murder - in particular, "malice aforethought" - beyond a reasonable doubt. Compare McKnight v. State, 378 S.C. 33, 49-50, 661 S.E.2d 354, 362 (2008) (where issue is properly raised, jury must be charged that the State has the burden of disproving self-defense beyond a reasonable doubt).

Accordingly, this Court finds that counsel had no basis to object to the jury charge or request a different charge on these elements. Counsel did request, and receive, a charge instructing the jury that they must resolve any and all doubts in favor of the lesser-included offense. (See Trial Transcript, page 346-349). Therefore, this Court finds no ineffective assistance of counsel with respect to the jury charge. Finally, this Court would note that the jury's affirmative finding of malice beyond a reasonable doubt necessarily means that it rejected sudden heat of passion. The jury's finding regarding malice was supported by evidence presented at trial, particularly that the Applicant deliberately drove to the scene and approached the victim armed with a gun.

App. 401-02.

To prevail on his ineffective assistance of counsel claim, Petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the

proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The court must apply a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 131 S.Ct. 770, 787 (2011). This is a high standard that requires a habeas petitioner to show that counsel's errors deprived the him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would "reasonably likely" have been different but for counsel's error is not dispositive of the prejudice inquiry. Rather, the court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 131 S.Ct. at 787–88; *Strickland*, 466 U.S. at 694.

The United States Supreme Court has cautioned that "'[s]urmounting *Strickland*'s high bar is never an easy task[,]' ... [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 131 S.Ct. at 788 (*quoting Padilla v. Kentucky*, 130 S.Ct. 1473, 1485 (2010)). When evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Harrington*, 131 S.Ct. at 788. In such circumstances, the "question is not whether counsel's actions were unreasonable," but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standards." *Id.* The unreasonableness of the state court determination must be "beyond any possibility of

fairminded disagreement." *Id.* at 787. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 786. Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id., quoting Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979)).

Petitioner has failed to show the PCR court unreasonably applied United States Supreme Court precedent in deciding this issue or that it reached an unreasonable factual determination of this issue given the evidence and record before it.

Petitioner argues in his response that "where malice aforethought is an element the State must prove, once Petitioner has raised with some probative evidence the fact of sudden heat of passion upon sufficient legal provocation, the State must disprove that fact beyond a reasonable doubt to get a murder conviction and the jury must be so charged." [Entry #27 at 3]. Petitioner believes that there was evidence from which the jury could have found him guilty of voluntary manslaughter such that he argues trial counsel was ineffective for having failed to request a charge placing the burden of proof on the state to prove the absence of sudden heat of passion. [Entry #27 at 5].

Petitioner provides no legal support for his argument. He argues that the PCR court's finding was incorrect that "[t]here is no authority in South Carolina for the proposition that a jury must be charged that the State has to disprove an element of voluntary manslaughter - that is, 'sudden heat of passion' - in order to convict of murder, where the jury is properly charged that the State must prove all of the elements of murder -

in particular, 'malice aforethought' - beyond a reasonable doubt." [Entry #27 at 6]. Yet Petitioner points to no source of law to demonstrate an error in the PCR court's ruling.

The undersigned finds that Petitioner has failed to overcome the deferential standard of review accorded the state PCR court's determination of this issue and has failed to demonstrate that his counsel's performance was otherwise deficient. Therefore, Petitioner has failed to show he is entitled to federal habeas corpus relief.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment [Entry#21] be granted.

IT IS SO RECOMMENDED.

July 10, 2012                                          Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).