IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Scottie Robinson, | ) | |
| | ) | Civil Action No.: 1:11-cv-01804 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Warden, Lieber Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Scottie Robinson, an inmate in state prison, filed this *pro se* petition for a writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.), this matter was automatically referred to the Magistrate Judge for all pretrial proceedings. Respondent filed a motion for summary judgment, along with a return and memorandum, on November 14, 2011. (Dkt. Nos. 20 and 21). Petitioner filed a response in opposition. (Dkt. No. 27). The Magistrate Judge filed a Report and Recommendation on July 10, 2012 recommending that this Court grant Respondent's motion for summary judgment. (Dkt. No. 35). Petitioner has filed objections to the R & R. (Dkt. No. 38). For the reasons stated below, this Court concurs with and wholly adopts the Report and Recommendation of the Magistrate Judge, grants Respondent's motion for summary judgment and dismisses Petitioner's petition with prejudice.

### Legal Standards

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a

*de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where the petitioner fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct" and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Where allegations of ineffective assistance of counsel are made, the question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668,

694 (1984). First, the Petitioner must show that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. *Id.* at 688. Second, the Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Review by this Court of "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential. . .and when the two apply in tandem, review is doubly so." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011). In applying § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

## Analysis

Petitioner filed timely written objections to the Report and Recommendation of the Magistrate Judge. (Dkt. No. 38). Petitioner generally objects to the finding of the Magistrate Judge that "Petitioner failed to show the PCR court unreasonably applied United States Supreme Court precedent in deciding this issue or that it reached an unreasonable factual determination of [these] issues given the evidence and record before it." (Dkt. No. 38 at 1). Petitioner also objects to the Magistrate Judge's finding that he produced no legal support for his assertions or that demonstrate error in the PCR court's ruling. *Id.*

Petitioner first alleges that the trial court erred in failing to charge the jury on the law of self-defense which consequently denied Petitioner his right to a fair trial. While Petitioner does not make specific arguments related to his first ground of relief in his objections, Petitioner generally objects to the Magistrate Judge's recommendation that summary judgment be granted. (Dkt. No. 38 at 2). The Magistrate Judge correctly noted that "federal habeas courts have consistently held that errors of state law cannot be repackaged as federal errors simply by citing

3

the due process clause." (Dkt. No. 35 at 13). On habeas review of a state court decision pursuant to the AEDPA, the question is whether the state court determination was "an unreasonable application of clearly established Federal law. . . not whether it was an incorrect application of that law. . . ." *Renico v. Lett*, 130 S.Ct. 1855, 1858 (2010). In reviewing the trial record, the South Carolina Court of Appeals reasoned that it "fails to establish the necessary elements for a charge of self-defense." (Dkt. No. 20-8 at 3). The court noted that where "the record demonstrates as a matter of law the absence of at least one element of self-defense, the trial judge did not err in refusing to charge self-defense." *State v. Santiago*, 370 S.C. 153 (S.C. 2006). Specifically, the Petitioner did not show that he was without fault in bringing on the difficulty, as the record supported a conclusion that he drove to the scene to initiate a confrontation, and Petitioner did not show that he had no means of avoiding the danger when he could have returned to his car and left the scene. (Dkt. No. 20-8 at 2-3). This Court finds that the Magistrate Judge properly concluded that Petitioner has not demonstrated that the trial court's failure to charge the jury on the issue of self-defense either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or that the "decision. . .was based on an unreasonable determination of the facts. . . ." 28 U.S.C. § 2254(d). The Court, therefore, grants Respondent's motion for summary judgment as to ground one of Petitioner's petition.

Petitioner's second ground for habeas relief alleges ineffective assistance of trial counsel for "failure to have the trial court correctly charge the jury on the state's burden of proving the absence of sudden heat of passion upon sufficient legal provocation in order to convict Petitioner of murder after Petitioner presented evidence" of the same at trial. (Dkt. No. 1 at 6-7). Petitioner alleges that the finding of the PCR court was incorrect and that "[t]here are no

arguments that justify the PCR court's result." (Dkt. No. 38 at 2). The Magistrate Judge cites the U.S. Supreme Court's recent decision, *Harrington,* 131 S.Ct. at 770, where the Supreme Court noted the highly deferential standard of both *Strickland* and § 2254(d) and also that "when the two apply in tandem, review is 'doubly so'". *Id.* at 788. The Supreme Court further noted that satisfying the standard of an unreasonable application of *Strickland* was meant to be difficult. *Id.* at 786. Moreover, § 2254(d), as amended by the AEDPA, "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." *Id.*

Petitioner asks the Court to examine *Mullaney v. Wilbur*, 421 U.S. 684 (1975), where the Court held that "the Due Process Clause requires the prosecution to prove beyond a reasonable doubt the absence of heat of passion on sudden provocation when the issue is properly presented in a homicide case." *Id.* at 704. In reviewing the record, the PCR Court determined that the jury was properly charged under South Carolina state law, noting that "[t]here is no authority in South Carolina for the proposition that a jury must be charged that the State has to disprove an element of voluntary manslaughter – that is 'sudden heat of passion' – in order to convict of murder, where the jury is properly charged that the State must prove all of the elements of murder – in particular, 'malice aforethought' – beyond a reasonable doubt." (Dkt. No. 20-4 at 77). The PCR court concluded that "the jury's affirmative finding of malice beyond a reasonable doubt necessarily means that it rejected sudden heat of passion." *Id.* In addition, "[t]he jury's finding regarding malice was supported by evidence presented at trial" such as the fact that Petitioner "deliberately drove to the scene and approached the victim armed with a gun." *Id.* Moreover, Petitioner's counsel "did request, and receive, a charge instructing the jury that they must resolve any and all doubts in favor of the lesser-included offense." *Id.* In reviewing the record, this

5

Court agrees with the recommendation of the Magistrate Judge and finds that Petitioner "has failed to overcome the deferential standard of review accorded the state PCR court's determination of this issue and has failed to demonstrate that his counsel's performance was otherwise deficient." (Dkt. No. 35 at 17). Thus, Respondent's motion for summary judgment as to Petitioner's second ground for habeas relief is granted.

## Conclusion

After a review of the record, the Report and Recommendation, and the applicable law, this Court finds that the Report and Recommendation accurately summarizes the applicable legal and factual issues in this motion. Therefore, the Court adopts the Report and Recommendation as the Order of this Court. (Dkt. No. 35). For the reasons stated above, it is hereby **ORDERED** that Respondent's motion for summary judgment be **GRANTED** and Petitioner's petition be **DISMISSED**.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
The Honorable Richard Mark Gergel
United States District Court Judge

August 3, 2012
Charleston, South Carolina

7