IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Scottie Robison, | ) |
|               Petitioner, | ) Civil Action No. 1:11-1804-RMG |
| v. | ) |
| | ) **ORDER** |
| Warden, Lieber Correctional Institution, | ) |
|               Respondent. | ) |

This matter is before the Court on Petitioner's motion titled "motion for relief from a judgment and order." (Dkt. No. 49). For the reasons set forth below, this motion is denied.

**Background**

On August 3, 2012, this Court entered an order adopting the Report and Recommendation of the Magistrate Judge granting Respondent's motion for summary judgment and dismissing Petitioner's 28 U.S.C. § 2254 petition with prejudice. (Dkt. No. 40). A copy of the judgment and order was then mailed to Petitioner who received them on August 7, 2012. (Dkt. No. 43). Petitioner then filed a notice of appeal on September 6, 2012 by delivering the notice to the mail room at Lieber Correctional Institution. (Dkt. No. 43-1); *see Houston v. Lack*, 487 U.S. 266 (1988). The Fourth Circuit denied Petitioner's appeal for lack of jurisdiction because the notice was not timely filed pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure. (Dkt. No. 47). Petitioner then filed the present motion on February 5, 2013 requesting the Court to extend the time to file his appeal or reopen the time to file his appeal pursuant to Rules 4(a)(5) and (6) of the Federal Rules of Appellate Procedure. (Dkt. No. 49).

1

## Law/Analysis

Under Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure, a "district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires." The time prescribed by Rule 4(a) for Petitioner to file his appeal expired on September 4, 2012. (Dkt. No. 47 at 3). Petitioner filed the present motion on February 5, 2013, far more than 30 days after the time prescribed by Rule 4(a) expired. Thus, Petitioner's motion to extension of time under Rule 4(a)(5) of the Federal Rules of Appellate Procedure is denied.

Rule 4(a)(6) of the Federal Rules of Appellate Procedure governs reopening the time to file an appeal. That Rule provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). Here, Petitioner does not comply with subpart (A). The judgment or order from which Petitioner seeks to appeal was entered on August 3, 2012. (Dkt. Nos. 40, 41). Petitioner states he received notice of the entry four days later on August 7, 2012. (Dkt. No. 43). Therefore, Petitioner received notice of the entry of the judgment or order sought to appealed within 21 days after entry. Petitioner's motion under Rule 4(a)(6) of the Federal Rules of Appellate Procedure is accordingly denied.

## Conclusion

For the reasons set forth above, the Court DENIES Petitioner's motion for relief from judgment and order. (Dkt. No. 49).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

March 6, 2013
Charleston, South Carolina